967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray CARLISLE, Defendant-Appellant.
 No. 90-10582.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided June 22, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ray Carlisle appeals his conviction for violation of certain currency transaction reporting laws. We have jurisdiction of this timely appeal pursuant to 28 U.S.C. § 1291 and we affirm.
 
 BACKGROUND
 
 3
 Appellant and two co-defendants were involved in a scheme whereby cashier's checks of less than $10,000 were purchased and used to make down payments on two homes. After a jury trial, all three were found guilty of (1) conspiracy to defraud the Internal Revenue Service (IRS) by obstructing its function of investigating currency transactions over $10,000; (2) conspiracy to cause domestic financial institutions to fail to file currency transaction reports, in violation of 31 U.S.C. § 5324(1); (3) conspiracy to structure currency transactions in violation of 31 U.S.C. § 5324(3); and (4) structuring and assisting in the structuring of currency transactions in violation of 31 U.S.C. § 5324(3). Appellant was sentenced to one year in custody in a halfway house, five years probation and was fined $3,500.
 
 DISCUSSION
 
 4
 A. Failure to Excuse Jurors for Cause.
 
 
 5
 Carlisle claims that the trial court erred when it refused to excuse for cause two jurors who worked for the Internal Revenue Service. We review the trial court's decision whether to excuse a juror for cause for abuse of discretion. United States v. Claiborne, 765 F.2d 784, 800 (9th Cir.1985), cert. denied, 475 U.S. 1120 (1986).
 
 
 6
 Carlisle received two extra peremptory challenges, giving defendants a total of twelve peremptory challenges. During voir dire, prospective jurors Coviello and Lundberg indicated that they were employed by the IRS but that this would not impair their ability to impartially weigh the evidence. The court denied a defense motion to excuse them for cause. They were later excused on a peremptory challenge.
 
 
 7
 A court must excuse prospective jurors if voir dire reveals actual bias. United States v. Daly, 716 F.2d 1499, 1507 (9th Cir.1983), cert. dismissed, 465 U.S. 1075 (1984). Bias is presumed only in extreme or extraordinary cases. United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990). Employment status, by itself, does not warrant a finding of implied bias. Id.; see also United States v. Allsup, 566 F.2d 68, 71-72 (9th Cir.1977). Here, the district court reasonably concluded that the two jurors were competent. Cf. Plache, 913 F.2d at 1378.
 
 
 8
 Carlisle suggests that the district court's refusal to excuse the two jurors for cause abridged his rights to exercise his peremptory challenges, presumably by forcing him to exhaust these challenges. He argues that the government has the burden of proving that he was not so prejudiced. Here, there was no inhibition of the right to make peremptory challenges because the district court's refusal to excuse the two jurors for cause was not error. See Allsup, 566 F.2d at 71. We therefore do not reach the issue of prejudice.
 
 
 9
 B. Jury Instructions.
 
 
 10
 Carlisle contends that the court erred by failing to instruct the jury that a "willful" violation of 31 U.S.C. § 5324(3) means "a voluntary, intentional violation of a known legal duty." Because Carlisle failed to object to the instruction given, we review for plain error. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989).
 
 
 11
 Carlisle acknowledges that our decision in United States v. Hoyland, 914 F.2d 1125 (9th Cir.1990) is squarely against him. There we held that in prosecutions for structuring currency transactions the "willfulness" requirement does not necessitate proof that the defendant knew that the act of structuring currency transactions was illegal, but only that the defendant intended to evade the reporting requirements. Id. at 1129. He nevertheless asks the court to reexamine its decision in light of the relevant statutory scheme and a subsequent Supreme Court case.
 
 
 12
 31 U.S.C. § 5322 sets out the criminal penalties for willful violations of 31 U.S.C. §§ 5311 et seq., which includes § 5324(a). Defendant points to other crimes covered by § 5322 that do require knowledge of illegality. He argues that principles of statutory construction require that "willful" be given the same meaning when used in a single penalty section.
 
 
 13
 This ground was already covered in Hoyland. In Hoyland, mindful that other subsections covered by the penalty provisions of § 5322, i.e., § 5316, required an intent to break the law, we nevertheless found congressional intent clear. "Congress changed the law to make it a crime so to structure with the intent to prevent reporting. To act willfully under the statute is to act with this intent." Id. at 1129. Accord United States v. Rogers, 1992 WL 81902 (4th Cir.1992); United States v. Brown, 954 F.2d 1563, 1568-69 (11th Cir.1992); United States v. Dashney, 937 F.2d 532, 537-539 (10th Cir.), cert. denied, 112 S.Ct. 402 (1991); United States v. Scanio, 900 F.2d 485, 489-91 (2nd Cir.1990).
 
 
 14
 Carlisle's argument that Cheek v. United States, 111 S.Ct. 604 (1991) changes the outcome is also meritless. Cheek concerns willfulness in the context of certain criminal violations of the Tax Code. Due to the complexity of the Tax Code, "willfulness" for certain criminal tax offenses requires a voluntary and intentional violation of a known legal duty. Id. at 609-10. Carlisle's conviction concerns violation of currency transaction structuring laws, which are much more straightforward. See Dashney, 937 F.2d at 540. Carlisle has not shown why a violation of a currency structuring transaction law should be included in the narrow class of criminal tax offenses described in Cheek. Thus, we reject Carlisle's contention that the Cheek exception applies to the anti-structuring laws. Accord United States v. Rogers, 1992 WL 81902 (4th Cir.1992); United States v. Brown, 954 F.2d at 1569 n. 2; United States v. Dashney, 937 F.2d at 540; see also United States v. Donovan, 1992 WL 18217 (1st Cir.1922).
 
 
 15
 Carlisle also argues that the court should have instructed the jury that they must determine that Carlisle personally knew that a currency reporting requirement existed. Upon review, we find the jury instructions were sufficient, and there was no plain error.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3